**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MATTHEW SHIGGS, | : | **Hon. Noel L. Hillman** |
| Plaintiff, | : | Civil Action No. 06-3123 (NLH) |
| v. | : | |
| RICHARD MULVIHILL, et al., | : | **O P I N I O N** |
| Defendants. | : | |

**APPEARANCES:**

    MATTHEW SHIGGS, #141944, Plaintiff Pro Se
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**HILLMAN**, District Judge

    Plaintiff Matthew Shiggs, a pretrial detainee confined at Atlantic County Justice Facility ("ACJF"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. This Court (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's institutional account and forward same to the Clerk, when funds exist; and (5) directs the agency having custody of Plaintiff to forward payments from his institutional account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b). Having screened Plaintiff's allegations pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismisses the Complaint.

# I. BACKGROUND

Plaintiff seeks damages and injunctive relief against Richard Mulvihill and Gary Merline, administrators at ACJF. He asserts that on May 25, 2006, Defendants knowingly violated his constitutional rights "[b]y closing the law library or having no one to assist me at the Atlantic County Justice Facility, N.J." (Compl. ¶ 4.) Plaintiff alleges that he complained to the social worker who informed him that there is no one to assist Plaintiff with his legal work. For violation of his constitutional rights, Plaintiff seeks damages and injunctive relief directing Defendants to provide access to an adequate law library or persons trained to assist inmates, as well as dismissal of all charges and detainers.

# II. LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d

2

Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989). The Court construes Plaintiff's Complaint as attempting to assert an access to courts claim under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

A. Access to Courts

Although "prisoners do not forfeit all constitutional protections," it is settled that "[t]he fact of confinement as well as the legitimate goals and policies of the penal institution limit these retained constitutional rights." Bell v. Wolfish, 441 U.S. 520, 545, 546 (1979). Moreover, prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell, 441 U.S. at 547. The Due Process Clause of the Fourteenth Amendment prohibits punishment of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law. See Bell, 441 U.S. at 535.[1] "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that

---

[1] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." Bell v. Wolfish, 441 U.S. 520, 537, n.16 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72, n.40 (1977)); see also City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).

the detainee would not have experienced had he been released while awaiting trial." Bell, 441 U.S. at 540.

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. However, an incarcerated person such as Plaintiff lacks standing to pursue an access to the courts claim unless he shows that the alleged interference of prison officials or shortcomings in the library or legal assistance program "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 352 (1996). To satisfy this standard, an inmate must show that a pending or contemplated legal proceeding was prejudiced or harmed in some way by the alleged interference or shortcomings. See Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997). In Lewis, 518 U.S. at 351, the Supreme Court described potential actual injuries:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.

Here, Plaintiff complains that Defendants closed the law library on May 25, 2006, and failed to provide legally trained persons to assist Plaintiff in doing unspecified legal work. However, nothing alleged in Plaintiff's Complaint supports an inference that the denial of access to legal assistance caused actual injury to a particular claim or case.[2] Thus, the facts alleged in

---

[2] If Plaintiff desires legal assistance in defending his criminal case and the state appointed an attorney to represent him, see Gideon v. Wainwright, 372 U.S. 335, 342-44 (1963) (an

(continued...)

the Complaint, show that Plaintiff lacks standing to pursue an access to courts claim. See Lewis, 518 U.S. at 349 ("The requirement that an inmate alleging [an access to courts claim] must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches"). The Court will therefore dismiss the Complaint for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons set forth above, the Court grants in forma pauperis status and dismisses the Complaint for failure to state a claim upon which relief may be granted.

_____
**NOEL L. HILLMAN, U.S.D.J.**

Dated: August 16, 2006

---

[2](...continued)
indigent defendant in a criminal prosecution in state court has a constitutional right to court-appointed counsel), then the state satisfied its obligation to provide access to the courts with respect to that proceeding and Plaintiff's access to the courts claim fails as a matter of law. The claim fails because the United States Court of Appeals for the Third Circuit "read[s] Bounds to hold that the provision of lawyers is one means by which a state may provide prisoners with meaningful access to courts." Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988).